IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MITCHELL ANTONE DANTE**, <br><br> Plaintiff, <br><br> v. <br><br> **OREGON YOUTH AUTHORITY,** and **STATE OF OREGON**, <br><br> Defendants. | Case No. 19-CV-1799-IM <br><br> **OPINION AND ORDER** |

Mitchell Antone Dante, PO Box 516, Lafayette, OR 97127. Pro Se Plaintiff.

**IMMERGUT, District Judge.**

Plaintiff Mitchell Antone Dante, proceeding *pro se*, brings claims pursuant to 42 U.S.C. §§ 1983, 1985 and state and federal statutes for tort claims against the State of Oregon and the Oregon Youth Authority ("OYA"). ECF 2. Plaintiff also filed an application to proceed *in forma pauperis*. ECF 5. For the reasons that follow, this Court grants Plaintiff's motion to proceed *in forma pauperis* but concludes that Plaintiff's claims are barred because Defendants are entitled to sovereign immunity. This case is dismissed without prejudice.

**STANDARDS**

The court must dismiss an action initiated by a party proceeding *in forma pauperis* if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc) (observing that this section applies to all *in forma pauperis* complaints).

A complaint fails to state a claim when there is no legal cognizable legal theory, or the factual allegations are insufficient to support a claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035,1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). The plaintiff "may not simply recite the elements of a cause of action, but must [provide] sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The underlying factual allegations must "*plausibly* suggest an entitlement to relief." *Id.* (emphasis added).

*Pro se* plaintiffs receive special dispensation. A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)).

# DISCUSSION

Plaintiff alleges that he suffered severe neglect, abuse, harassment, and injury while under the care of Defendants OYA and the State of Oregon. Plaintiff names only the State of Oregon and OYA as defendants in this action. This Court lacks jurisdiction to hear Plaintiff's claims based on Defendants' sovereign immunity.

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quotation marks omitted). As such, a court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Under the Eleventh Amendment, "[t]he Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State . . ." The withdrawal of jurisdiction effectively results in immunity from suit for states. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Indeed, the Supreme Court has "consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well a by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974).

The State of Oregon is immune from suit in federal court pursuant to Eleventh Amendment immunity. *See Delong Corp. v. Oregon State Hwy. Comm.*, 343 F.2d 911, 912 (9th Cir. 1965); *Wiley v. Oregon*, No. 2:17-cv-00664-JO, 2019 WL 4261112 at *3 (D. Or. Sept. 9, 2019). OYA is a state agency and considered an arm of the state. *See Reynolds v. Cascade Center, Inc.*, No. Civ. 04-48-AA, 2006 WL 274586 at *1 (D. Or. Feb. 3, 2006); *Duffey v. Oregon Youth Authority*, No. Civ. 03-6013-TC, 2004 WL 1445671 (D. Or. June 25, 2004). As a state

agency, a suit against OYA is a suit against the State of Oregon and thus barred by the Eleventh Amendment. *See Puerto Rico Aqueduct & Sewer Auth.*, 506 U.S. at 144 (1993) (holding that, absent waiver, an agency acting under the control of a state may not be subject to suit in federal court); *Beentjes v. Placer Cty. Air Pollution Control Dist.*, 397 F.3d 775, 777–78 (9th Cir. 2005). Therefore, the claims against the State of Oregon and OYA are dismissed.

Where a complaint can be remedied by amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. *See Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988). Plaintiff may file an amended complaint naming as defendants individuals that were personally responsible for the alleged constitutional violations. Plaintiff must allege how each individual violated his constitutional rights.

## CONCLUSION

Plaintiff's complaint, ECF 2, is DISMISSED. Within fourteen calendar days from this order, Plaintiff may file an amended complaint curing the deficiencies described above. Plaintiff is advised that failure to file an amended complaint will result in the dismissal of this action with prejudice.

**IT IS SO ORDERED**.

DATED this 21st day of January, 2020.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge